**LAW OFFICES OF DAVID DREXLER**
DAVID DREXLER, ESQ. (SBN #074335)
JONATHAN A. DREXLER, ESQ. (SBN #238616)
MICHAEL H. LEFF, ESQ. (SBN #262635)
13808 VENTURA BOULEVARD
SHERMAN OAKS, CALIFORNIA 91423
TELEPHONE (818) 907-7373

Attorneys for Plaintiffs
ANGEL MENDEZ and
JENNIFER LYNN GARCIA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL MENDEZ and JENNIFER LYNN GARCIA,<br><br>  Plaintiffs,<br><br>v.<br><br>COUNTY OF LOS ANGELES, A Government Entity, DEPUTY CHRISTOPHER CONLEY, as an individual and in his official capacity as an agent and employee of the COUNTY OF LOS ANGELES, DEPUTY JENNIFER PEDERSON, as an individual and in her official capacity as an agent and employee of the COUNTY OF LOS ANGELES, and DOES 3 - 50, inclusive.<br><br>  Defendants. | Case No.: CV11-04771 JHN (PJWx)<br><br>**SECOND AMENDED COMPLAINT**<br><br>1.  VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. SECTION 1983<br>2.  ASSAULT AND BATTERY<br>3.  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br>4.  NEGLIGENCE<br><br>**PRAYER FOR ATTORNEY'S FEES PURSUANT TO [42 U.S.C. § 1988(b)]**<br><br>**DEMAND FOR JURY TRIAL** |

   Plaintiffs, ANGEL MENDEZ and JENNIFER LYNN GARCIA, complain of Defendants, and each of them, as follows:

## JURISDICTION AND VENUE

1.   The United States District Court, Central District of California is the proper jurisdiction for the bringing of this claim pursuant to United States law, *42 U.S.C.*

1  § 1983. This action is brought for damages and other appropriate relief under *in 42 U.S.C. § 1983* for violation of the Plaintiffs' civil rights under color of state law.

2. The acts and omissions complained of occurred in the Central District of California. Therefore, venue of this action is proper under 28 U.S.C.A. § 1391(b).

3. Plaintiffs have tendered their claims against the County of Los Angeles pursuant to *Government Code §§ 900, et seq., and 945, et seq.* Said claims were rejected.

4. Jurisdiction is conferred upon this court by 28 U.S.C.A § 1331 and 28 U.S.C.A. § 1343 (a)(3).

## PARTIES

5. Plaintiffs, ANGEL MENDEZ and JENNIFER LYNN GARCIA (hereinafter "Plaintiffs") are natural persons, and at all times relevant herein, were residents of the County of Los Angeles, in the City of Lancaster.

6. Plaintiff JENNIFER LYNN GARCIA, at all times relevant herein, was visibly pregnant, with the unborn child of ANGEL MENDEZ.

7. Defendant, County of Los Angeles, is at all times relevant herein, was a public entity, existing under the laws of the State of California and responsible for the policies, procedures and practices implemented through its various agencies, agents, departments and employees, including the County of Los Angeles Sheriff's Department, and for the injury occasioned thereby.

8. Defendant, Deputy Christopher Conley, Badge no. 519471 (formerly identified as Doe no. 1), at all times relevant herein, was an employee of the County of Los Angeles Sheriff's Department, with peace officer status.

9. Defendant, Deputy Jennifer Pederson, Badge no. 459503 (formerly identified as Doe no. 2), at all times relevant herein, was an employee of the County of Los Angeles Sheriff's Department, with peace officer status.

10. DOES 3 through 30, are, and, at all times relevant herein, were sworn employees of the County of Los Angeles Sheriff's Department, with peace officer status, or

were deputy sheriffs or duly authorized law enforcement personnel and are, hereinafter.

11. Defendant, Deputy Christopher Conley, Badge no. 519471, Defendant, Deputy Jennifer Pederson, Badge no. 459503, and DOES 3 through 30 are collectively referred to and identified as "DEPUTY CONLEY" or "DEPUTY PEDERSON" or "DEPUTIES," interchangeably.

12. DOES 31 through 40, are, and at all times relevant herein, were public entities located in the County of Los Angeles, State of California.

13. DOES 41 through 50 are, and at all times relevant herein, were employees of the aforementioned public entities.

14. The true names, identities and capacities, whether individual, associate, corporate or otherwise, of defendants DOES 3 through 50, inclusive, and each DOE in between, are unknown to Plaintiff at this time, who, therefore, sues said Defendants by such fictitious names. When the true names and capacities, or participation of such fictitiously designated Defendants are ascertained, Plaintiffs will ask leave of court to amend this complaint to insert said true names, identities and capacities, together with the proper charging allegations. Plaintiffs are informed and believe and thereon allege that each of the Defendants sued herein as a DOE is responsible in some manner for the occurrence herein alleged and the cause of Plaintiffs' injuries and damages alleged herein.

15. Plaintiffs are informed and believe and thereon allege that, at all relevant times herein, each of the defendants, and DOES 3 through 50, were the agents, employees and/or joint venturers, or working in concert with, the other co-defendants and were acting within the course and scope of such agency, employment and/or joint venture or concerted activity. To the extent that said conduct was perpetrated by certain Defendants, the remaining defendants and DOES confirmed and ratified the same.

16. Plaintiffs are informed and believe, and thereon allege, that, at all relevant times herein, each defendant, and DOES 3 through 50, were controlled and supervised by the co-defendants and each was the alter ego of the other.

17. Whenever and wherever reference is made in the within complaint to any conduct by any defendant, defendants or DOES, such allegations and references shall also be deemed to mean the conduct of each of the defendants, acting individually, jointly and severally. Whenever reference is made to individuals or DOES who are not named as defendants in this complaint, but were employees or agents of other defendants, such individuals, at all relevant times, acted on behalf of Defendants or respective DOES named in this paragraph within the scope of their respective employment.

18. All defendants were, at all times material to this Complaint, acting under color and authority of state law.

## THE FACTS

19. On October 1, 2010, Plaintiffs resided in the rear single room residence structure, located at the rear of the residence at 43263 18th Street West, in the City of Lancaster, County of Los Angeles. This rear single room structure was readily discernable as a residence because of its large size; because the attached air conditioning unit; because of the exterior bamboo window shade; and because of the hinged door; and because of the makeshift handle enabling the door to be shut from the inside.

20. On October 1, 2010, at approximately 9:45 p.m., Defendant DEPUTIES, including DOES 3 through 30, appeared, unannounced, at said location.

21. Said DEPUTIES, barged into the 43263 18th Street West residence, physically roughed up and handcuffed its female owner occupant, Paula Hughes, even though she was compliant and repeatedly advised the DEPUTIES that the male individual they were searching for was not on the premises.

SAC.wpd

22. Prior to entering the rear single room residence - appurtenant structure at the rear of the 43263 18th Street West residence, Defendants, and each of them, including DEPUTY CONLEY and DEPUTY PEDERSON, failed to:

   i. Comply with Los Angeles Sheriff's Department policies and procedures;

   ii. Establish a perimeter around the appurtenant structure in accordance with Los Angeles County Sheriff's Department policies and procedures; and

   ii. Establish probable cause or reasonable suspicion that the person they were looking for was at the subject residence or appurtenant structure.

23. Thereafter, Defendants, and each of them, including DEPUTY CHRISTOPHER CONLEY and DEPUTY JENNIFER PEDERSON, charged outside to the rear single room residence - appurtenant structure and, without either first knocking on the door or announcing their authority or purpose, as required by *California Penal Code* § 1531, said Defendants trespassed upon Plaintiffs' property without valid legal authority, provocation or justification and, opened the door and stormed in carrying loaded weapons.

24. Defendants, and each of them, including DEPUTY CONLEY and DEPUTY PEDERSON, intentionally, and without complying with "knock and announce" requirements, pursuant to *California Penal Code* § 1531, entered Plaintiffs' appurtenant structure without being refused admittance and without waiting a reasonable and sufficient amount of time to infer that the occupants had refused the DEPUTIES admittance.

25. Upon entering Defendants, and each of them, including DEPUTY CONLEY and DEPUTY PEDERSON, immediately, intentionally and with reckless disregard for the safety and Constitutional rights of Plaintiffs, shot Plaintiff, Angel Mendez, fourteen (14) times and also shot Plaintiff, Jennifer Garcia, in the back. DEPUTY CONLEY and DEPUTY PEDERSON discharged their weapons into Plaintiffs.

SAC.wpd

26. Defendants, and each of them, including DEPUTY CONLEY and DEPUTY PEDERSON, failed to provide Plaintiffs with any verbal warning prior to shooting them, such as by announcing their presence and demanding that the occupants open the door, or come out. There was no provocation, or threat of death or serious physical injury to the DEPUTIES, or others, to provide the Defendants, including the DEPUTIES, the legal right to use deadly force upon Plaintiffs.

27. At the time of the shooting, Defendants, including the DEPUTIES, did not have a warrant either to, search the main premises, Plaintiffs' appurtenant structure, nor were any exigent circumstances present which might have excused the DEPUTIES' duty to comply with "knock and announce" requirements pursuant to *California Penal Code* § 1531.

28. At no time were Plaintiffs suspects in a criminal investigation, nor was there any probable cause to believe that they posed a significant threat of death or serious physical injury to the DEPUTIES or others.

29. At the time of the subject shootings, said DEPUTIES and DOES 3 through 30 did not, objectively or subjectively, have a reasonable belief that Plaintiffs posed any threat of bodily harm to them.

30. At the time of their shooting, both Angel Mendez and Jennifer Garcia were sleeping in the appurtenant structure and were not, in any manner, attempting to resist or to pose a risk of harm to the DEPUTIES.

31. As a result and substantial factor of the shooting by Defendants, including the DEPUTIES, Angel Mendez suffered gunshot wounds, requiring treatment, including, but not limited to, the amputation of his leg. As a result and substantial factor of the shooting by Defendants and the DEPUTIES, Jennifer Garcia also suffered gunshot wounds, suffered a fractured collar bone and severe emotional distress from her injuries as well as by seeing her fiancé shot approximately fourteen (14) times.

32. Plaintiffs allege that DEPUTIES have a pattern and practice of shooting unarmed victims, shooting Latinos disproportionately when compared to other races/nationalities during the years 2005 - 2010 and of not receiving sufficient training and being out of compliance with its own mandate for tactical firearms training, according to a 2011 report by Special Counsel Merrick J. Bobb. Furthermore, there is a pattern and practice of DEPUTIES discharging their service firearms at increased rates, as in 2010, DEPUTIES discharged their firearms in a greater number than at any time since the statistics began being maintained in 1996.

### FIRST CAUSE OF ACTION:
### VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C.§ 1983
### (AGAINST ALL DEFENDANTS)

33. Plaintiffs repeat and re-allege by reference each and every prior allegation and incorporate the same herein as though fully set forth herein.

34. This Cause of Action sets forth a claim for deprivation of civil rights for violations of the Fourth Amendment to the United States Constitution against each Defendant herein, and is redressable pursuant to *42 U.S.C. § 1983*.

35. "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy." *California Constitution,* Article 1, §1.

36. All people enjoy the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *U.S. Constitution, Amendment IV.*

37. The subject DEPUTIES acted unreasonably, and in violation of *California Constitution,* Article 1, §1, and *U.S. Constitution, Amendment IV,* when they unjustifiably entered Plaintiffs' appurtenant structure, violated their constitutional

SAC.wpd

privacy rights and intentionally shot Angel Mendez fourteen (14) times and also shot Jennifer Garcia, who was pregnant at the time, in the back.

38. The DEPUTIES entry into the rear structure was unreasonable as:

   i. The DEPUTIES failed to knock and announce their presence and authority prior to entering Plaintiffs' dwelling or appurtenant structure, pursuant to *California Penal Code* § 1531;

   ii. The DEPUTIES failed to furnish a search warrant (if a valid one existed at the time of the subject incident) to allow Plaintiffs an opportunity to review its contents and its legal effect, pursuant to the laws of the State of California;

   iii. There was a lack of exigent circumstances present to allow the DEPUTIES to enter Plaintiffs' dwelling or appurtenant structure without a valid search warrant;

   iv. There was a lack of probable cause that a crime was being committed, contraband was being destroyed or that Plaintiffs posed potential serious risk of harm or death to the DEPUTIES.

39. Defendants, including the DEPUTIES, acted or purported to act in the performance of their official duties as peace officers and under color of state law.

40. The conduct of Defendants, including the DEPUTIES, violated Plaintiffs' constitutional right of privacy and is redressable pursuant to *42 U.S.C. § 1983*, which provides, in pertinent part:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

Constitution and laws, shall be liable to the party injured in an action at law . . ."

41. Plaintiffs were each deprived of an interest protected by the Constitution or the laws of the United States, and each Defendant actually and proximately caused any such deprivation while acting under color of state law.

42. As a direct and proximate cause and substantial factor of Defendants' acts and omissions and unlawful conduct, Plaintiffs have suffered, and will continue to suffer, damages and injuries, including, but not limited to, bodily injury, severe emotional distress, loss of earnings and employment benefits, medical and psychological expenses.

43. Plaintiffs are informed and believe and thereon allege that all acts or omissions alleged to have been engaged in by any Defendant are alleged to have been engaged in with evil motive and intent, and/or callous, reckless and wanton disregard to the rights of the Plaintiffs, and that such misconduct as has been alleged is animus malus and contrary to the standards of the community.

44. Plaintiffs are informed and believe, and thereon allege, that Defendants knowingly, or with deliberate indifference to the Constitutional and statutory rights of persons within the jurisdiction of the United States of America, including Plaintiffs, maintained or allowed to exist an official policy or custom of permitting the occurrence of the types of wrongs set forth herein.

45. Plaintiffs are informed and believe, and thereon allege, that the County of Los Angeles failed to properly train, hire, retain and supervise their employees who deprived Plaintiffs of an interest protected by the Constitution or the laws of the United States and caused Plaintiffs' damages, and failed to properly supervise the operations of their staff, and therefore are responsible for Plaintiffs' damages.

46. Plaintiffs are informed and believe, and thereon allege, that Defendants, and each of them, acting through their officials and employees, maintained, fostered and

SAC.wpd

condoned an official policy, practice and/or custom of deliberately ignoring the civil rights of persons, including Plaintiffs, thereby evidencing indifference to the civil liberties of Plaintiffs whose injuries caused Plaintiffs to sustain monetary damages. Plaintiffs are informed and believe and thereon allege that Defendants' policy, custom and practice of deliberate indifference to the civil rights and liberties of persons, including Plaintiffs, include, among other things:

    i.    Defendants' failure to properly supervise, hire and train their employees regarding their duty to comply with the laws of the United States of America and the State of California

47. Plaintiffs are further informed and believe and thereon allege that the above-described official customs, policies, practices and actions of each Defendant constituted deliberate indifference to the Constitution and statutory rights of persons, such as Plaintiffs. Plaintiffs are further informed and believe and thereon allege that this official policy, practice and custom and/or Defendants' actions and omissions were a direct, proximate and actual cause of Plaintiffs' injuries and damages.

48. Based upon the principles set forth in *Monell v. New York City Department of Social Services* (1978) 436 U.S. 658, each supervisory official Defendant is liable personally for all injuries sustained by Plaintiffs as set forth herein. Said liability stems from the fact that the aforementioned Defendants' deliberate and unconstitutional policies and customs were a direct, proximate and actual cause of Plaintiffs' damages and the pain and suffering that Plaintiffs have experienced. Any and all supervisory official Defendants are liable on this theory and are also liable in their individual capacities. Each supervisory Defendant ignored or summarily dismissed the rights and liberties provided by the laws and Constitution of the United States of America.

SAC.wpd

49. Plaintiff are informed and believe and thereon allege that the aforementioned acts of Defendants were willful, malicious, intentional, oppressive and despicable and/or were done with willful and conscious disregard of the rights, welfare and safety of Plaintiffs, thereby justifying the awarding of punitive and exemplary damages against all Defendants.

50. Plaintiffs are informed and believe and thereon allege that the aforementioned acts of Defendants were not reasonable and, therefore, are not protected by any immunities, absolute or qualified, pursuant to *Graham v. Connor* (1989) 490 U.S. 386, 396, as Plaintiffs:

   i. Had not committed a crime, severe or otherwise;

   ii. Did not pose, subjectively and objectively, an immediate threat to the safety of the officers or others; and

   iii. Did not actively resist arrest or attempt to evade arrest by flight.

51. As a result of each Defendant's conduct as alleged herein, Plaintiffs are entitled to attorney's fees pursuant to *42 U.S.C. § 1988*.

52. By failing to properly screen, train, supervise and/or discipline its attendant and protective personnel, Defendants violated Plaintiffs' rights under the United States Constitution.

53. By authorizing, ratifying and/or condoning the acts and omissions of their agents and employees, Defendants violated Plaintiffs' rights under the Amendment of the United States Constitution.

54. The acts and omissions complained of herein were done pursuant to customs and policies authorized, condoned, ratified, approved and carried out by all Defendants that resulted in the deliberate indifference to the rights and liberties provided to Plaintiffs under the laws of the United States and/or resulted in furtherance of a pattern and practice of abuse of residents of the County of Los Angeles.

## SECOND CAUSE OF ACTION:
## ASSAULT AND BATTERY
## (AGAINST ALL DEFENDANTS)

55. Plaintiffs repeat and re-allege by reference each and every prior allegation and incorporate the same herein as though fully set forth herein.

56. Defendants caused Plaintiffs to be placed in the immediate apprehension of harm by engaging in the following conduct:

   i. When said DEPUTIES unreasonably entered Plaintiffs' dwelling or structure without knocking and announcing their presence;

   ii. When said DEPUTIES pointed their guns at Plaintiffs and Plaintiffs saw the DEPUTIES' guns pointed at them;

   iii. When the DEPUTIES fired rounds from their guns directly at Plaintiffs.

57. Defendants, and each of them, including DEPUTY CHRISTOPHER CONLEY and DEPUTY JENNIFER PEDERSON caused Plaintiffs to be shot with the intent to cause harm by shooting them.

58. Plaintiffs did not consent to being shot at by Defendants.

59. Plaintiff, Angel Mendez, was shot fourteen (14) times and Plaintiff, Jennifer Garcia, who was pregnant at the time, was shot in the back, resulting in serious and harmful injuries to both Plaintiffs.

60. A reasonable person in Plaintiffs' situation would have been offended if rounds of live gunfire made contact with his or her body in the same manner as Plaintiffs.

61. As a direct and proximate cause and substantial factor of Defendants' acts and omissions and unlawful conduct, Plaintiffs have suffered, and will continue to suffer, damages and injuries, including, but not limited to, bodily injury, severe emotional distress, loss of earnings and employment benefits, medical and psychological expenses.

62. Plaintiffs are informed and believe, and thereon allege, that all acts or omissions alleged to have been engaged in by any Defendant are alleged to have been engaged in with evil motive and intent, and/or callous, reckless and wanton disregard to the rights of the Plaintiffs, and that such misconduct as has been alleged is animus malus and contrary to the standards of the community.

63. Plaintiffs are informed and believe, and thereon allege, that the aforementioned acts of Defendants were willful, malicious, intentional, oppressive and despicable and/or were done in willful and conscious disregard of the rights, welfare and safety of Plaintiffs, thereby justifying the awarding of punitive and exemplary damages against all Defendants.

## THIRD CAUSE OF ACTION:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## (AGAINST ALL DEFENDANTS)

64. Plaintiffs repeat and re-allege by reference each and every prior allegation and incorporate the same herein as though fully set forth herein.

65. The aforementioned DEPUTIES and DOES 3 through 30, intentionally entered the Plaintiffs' dwelling or structure without being refused admittance, without waiting a reasonable and sufficient amount of time to infer that the occupants had refused their admittance and without probable cause.

66. Upon entering, the DEPUTIES and DOES 3 through 30, immediately and intentionally shot Angel Mendez fourteen (14) times and also shot Jennifer Garcia in the back.

67. Said DEPUTIES and DOES 3 through 30 failed to provide Plaintiffs with any warning, verbal or otherwise, prior to shooting them.

68. At the time of the shooting, Defendants, including the DEPUTIES, did not have a warrant either to search the premises, Plaintiffs' appurtenant structure or to arrest its occupants, nor were any exigent circumstances present which might have

SAC.wpd

excused the DEPUTIES' duty to comply with knock and announce requirements, pursuant to *California Evidence Code* §§ 844 and 1531.

69. At no time were Plaintiffs suspects in a criminal investigation, nor was there any probable cause to believe that Plaintiffs posed a significant threat of death or serious physical injury to the DEPUTIES or others.

70. At the time of their shooting, both Angel Mendez and Jennifer Garcia were sleeping in their appurtenant structure and were not, in any manner, attempting to resist or to pose a risk of harm to Defendants and the DEPUTIES.

71. Each and every aforementioned act and omission by the DEPUTIES and DOES 3 through 30 was outrageous.

72. The DEPUTIES, and each one of them, intended to cause Plaintiffs emotional distress or acted with reckless disregard of the probability that Plaintiffs would suffer emotional distress, knowing that plaintiffs were present when the conduct occurred.

73. Defendants and the DEPUTIES reckless and outrageous conduct is evidenced by the following:

    i. Intentionally entering Plaintiffs' dwelling without being refused admittance and without waiting a reasonable and sufficient amount of time to infer that the occupants had refused their admittance.

    ii. Upon entering, the DEPUTIES and DOES 3 through 30, immediately pointed their guns at Plaintiffs and intentionally shot Angel Mendez fourteen (14) times and also shot Jennifer Garcia in the back.

    iii. Failing to provide Plaintiffs with any warning, verbal or otherwise, prior to shooting them.

    iv. Failing to secure a legally valid warrant either to search the premises, Plaintiffs' appurtenant structure or to arrest its occupants, or, in the alternative, there were no exigent circumstances present which might have

excused the DEPUTIES' duty to comply with knock and announce requirements and or their duty to not use deadly force unless adequate provocation exists.

74. The outrageous conduct of the DEPUTIES and DOES 3 through 30 is so extreme that it goes beyond all possible bounds of decency. A reasonable person in a similar situation would regard the aforementioned conduct as intolerable in a civilized community.

75. The DEPUTIES and DOES 3 through 30 abused their position as Los Angeles County Sheriffs and Police Officers, which gave them real or apparent power to affect Plaintiff's interests, including their Amendment rights to be free from unreasonable searches and seizures.

76. Plaintiffs, and each of them, suffered severe emotional distress, including post traumatic stress syndrome, loss of sleep, anxiety, nervousness, fear, depression, anguish, horror, grief, worry, shock and other related symptoms.

77. The DEPUTIES' and each of them, conduct was a substantial factor in causing Plaintiffs' severe emotional distress.

78. Plaintiffs are informed and believe, and thereon allege, that all acts or omissions alleged to have been engaged in by any Defendant are alleged to have been engaged in with evil motive and intent, and/or callous, reckless and wanton disregard to the rights of the Plaintiffs, and that such misconduct as has been alleged is animus malus and contrary to the standards of the community.

79. Plaintiff is informed and believes and thereon alleges that the aforementioned acts of Defendants were willful, malicious, intentional, oppressive and despicable and/or were done in willful and conscious disregard of the rights, welfare and safety of Plaintiffs, thereby justifying the awarding of punitive and exemplary damages against all Defendants.

# FOURTH CAUSE OF ACTION:
# NEGLIGENCE
# (AGAINST ALL DEFENDANTS)

80. Plaintiffs repeat and re-allege by reference each and every prior allegation and incorporate the same herein as though fully set forth herein.

81. Defendants and each of them, including the DEPUTIES, acted negligently by, amongst other things, breaching the standard of care related to:

   i. Entering Plaintiffs' dwelling.

   ii. Shooting Angel Mendez fourteen (14) times and shooting Jennifer Garcia in the back.

   iii. Failing to provide Plaintiffs with a reasonable warning, prior to entering Plaintiffs' residence and shooting them.

   iv. Failing to secure a legally valid warrant to either enter or search the premises where Plaintiffs resided.

   v. Using deadly force.

   vi. Failing to adhere to Los Angeles County Sheriff's Department pre-shooting policy and procedures.

82. At no time were Plaintiffs suspects in a criminal investigation, nor was there any probable cause to believe that they posed a significant threat of death or serious physical injury to the DEPUTIES or others.

83. At the time of their shooting, both Angel Mendez and Jennifer Garcia were sleeping in their appurtenant structure and were not, in any manner, attempting to resist or to pose a risk of harm to Defendants, and any of them, or the DEPUTIES.

84. Plaintiffs suffered harm including Angel Mendez being shot fourteen (14) times and Jennifer Garcia being shot in the back.

SAC.wpd

85. Defendants and each of them, including the DEPUTIES, were a substantial factor in causing Plaintiffs' injuries and damages, including bodily injury, severe emotional distress, loss of earnings and employment benefits, medical and psychological expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. For general and special damages according to proof;
2. For costs of suit;
3. For attorney's fees pursuant to statute, including *42 U.S.C. §§ 1983 and 1988*;
4. For pre-judgment and post-judgment interest, if any shall be incurred;
5. For punitive damages against the individual defendants (and not against the County of Los Angeles); and
6. For such other and further relief as the court may deem proper.

Date: October 18, 2011

Respectfully submitted,

LAW OFFICES OF DAVID DREXLER

By: _____
David Drexler
Attorney for Plaintiffs:
ANGEL MENDEZ and
JENNIFER LYNN GARCIA

SAC.wpd

# PROOF OF SERVICE

I am a resident of the State of California, United States of America, over the age of eighteen years, and not a party to the within action. My business address is 13808 Ventura Blvd., Sherman Oaks, California 91423.

On October 18, 2011, I served the within documents entitled as follows:

### SECOND AMENDED COMPLAINT

**X**  BY MAIL: by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Sherman Oaks, California, addressed as set forth below.

___  BY OVERNIGHT MAIL: by causing the document(s) to be picked up by an overnight delivery service company for delivery to the addressee(s) on the next business day.

___  BY PERSONAL SERVICE: by causing the document(s) to be hand-delivered to the addressee(s) on this date.

Erica Bianco, Esq.
Hurrell Cantrall LLP
700 South Flower Street, Suite 900
Los Angeles, CA 90017.
Tel (213) 426-2000

I declare under penalty of perjury under the laws of the United States of America and that the foregoing is true and correct.

Executed on October 18, 2011, at Sherman Oaks, California.

Christopher Harris