Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Erica Bianco, State Bar No. 254988
E-Mail: ebianco@hurrellcantrall.com
Brittany Vannoy, State Bar No. 274603
E-Mail: bvannoy@hurrellcantrall.com
HURRELL CANTRALL LLP
700 South Flower Street, Suite 900
Los Angeles, California 90017-4121
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants COUNTY OF LOS ANGELES, DEPUTY JENNIFER PEDERSEN, and DEPUTY CHRISTOPHER CONLEY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ANGEL MENDEZ and JENNIFER LYNN GARCIA,<br><br>Plaintiffs,<br><br>v.<br><br>LEROY D. BACA, Sheriff of Los Angeles County Sheriff's Department, in his official and individual capacities; COUNTY OF LOS ANGELES, A Public Entity, COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT, a government entity operated by the County of Los Angeles, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. CV11-04771 JHN (PJWx)<br><br>**STIPULATION FOR PROTECTIVE ORDER AND [PROPOSED] ORDER THEREON**<br><br>[Assigned to Judge Jacqueline Nguyen, Courtroom "790"]<br><br>Trial Date: October 2, 2012 |

Subject to the approval of this Court, the parties, by and through their attorneys of record, hereby stipulate for entry of the following protective order:

1. Plaintiff ANGEL MENDEZ has requested that Defendant County of Los Angeles ("COLA") and Defendants DEPUTY CHRISTOPHER CONLEY ("DEPUTY CONLEY") and DEPUTY JENNIFER PEDERSON ("DEPUTY PEDERSON) (collectively, "Deputies") produce certain documents and information, which COLA and/or DEPUTIES CONLEY and PEDERSON

contend(s) contain privileged and confidential information. Defendants anticipate plaintiff JENNIFER LYNN GARCIA may also request similar information. Confidential information is information which has not been made public, and which contains private, personal, proprietary, or otherwise sensitive information, the disclosure of which may have the effect of causing harm to the parties or other entities or persons. By designating a document, thing, material, testimony, or other information derived therefrom as "Confidential" under the terms of this Order, the party making the designation is certifying to the Court that there is a good-faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(c).

**GOOD CAUSE STATEMENT:**

2. Good cause exists for entry of this Order pursuant to Federal Rule of Civil Procedure 26(c)(1). COLA and/or DEPUTIES CONLEY and PEDERSON agree(s) to produce documents and information responsive to plaintiff's discovery requests, but only under the strict circumstances and limitations of this Stipulated Protective Order (hereinafter "Protective Order"), under which said documents and information are kept confidential and private and with assurances that said documents and information shall not be produced, copied, or disseminated to any person or entity unless authorized by this Protective Order.

3. Agreed upon official information documents including any limited prior complaints against DEPUTIES CONLEY and PEDERSON, limited performance evaluations and/or training records for DEPUTIES CONLEY AND PEDERSON, Internal Affairs investigation documents relevant to this matter, and any COLA policies and procedures produced to plaintiffs by COLA and/or DEPUTIES CONLEY and PEDERSON during the course of discovery in this litigation and any subsequent reproduction thereof, as well as employee and personnel records, internal affairs and administrative investigation reports and materials, which COLA and/or DEPUTIES CONLEY and PEDERSON believe(s)

1  in good faith constitute or embody confidential information, personnel records
2  and/or other materials that are entitled to privileges and/or protections against
3  discovery or disclosure by the United States Constitution, First Amendment; the
4  California Constitution, Article I, Section 1; California Penal Code Sections 832.5,
5  832.7 and 832.8; California Evidence Code Sections 1040 and 1043 et. seq; the
6  Official Information Privilege; the Privacy Act of 1974, 5 U.S.C. § 552a; the right to
7  privacy; and decisional law relating to such provisions, which matter is not
8  generally known and which COLA would not voluntarily reveal to third parties and
9  therefore is entitled to heightened protection from disclosure, are to be designated as
10 "confidential material."
11      4.    The parties agree that any documents or information deemed
12 confidential in this action may be used in accordance with the terms of the instant
13 protective order. Confidential material shall be used solely in connection with the
14 preparation and trial of the within case, Case No. CV11-04771 JHN (PJWx), or any
15 related appellate proceeding and not for any other purpose, including any other
16 litigation.
17      5.    Material designated as "confidential" under this Protective Order, as
18 well as the information contained therein, and any summaries, copies, abstracts, or
19 other documents derived in whole or in part from material designated as confidential
20 (hereinafter "confidential material" or "confidential information") shall be used
21 solely for the purpose of litigating this action, and for no other action or purpose.
22      6.    Confidential material may not be disclosed except as provided in
23 paragraph 7.
24      7.    Confidential material may be disclosed only to the following persons:
25          (a)   Counsel for any party, and any party to this litigation;
26          (b)   Paralegal, stenographic, clerical and secretarial personnel
27 regularly employed by counsel referred to in (a);
28          (c)   Court personnel, ~~including~~ stenographic reporters engaged in

such proceedings as are necessarily incidental to preparation for the trial of this action;

   (d) Any outside expert or consultant retained in connection with this action, and not otherwise employed by either party; and

   (e) Any "in-house" expert designated by either party to testify at trial in this matter.

   Nothing in paragraph 7 is intended to prevent officials or employees of COLA or other authorized government officials from having access to the documents if they would have had access in the normal course of their job duties.

   8. Each person to whom disclosure is made, with the exception of those identified in paragraph 6 who are presumed to know the contents of the protective order, shall, prior to the time of disclosure, be provided a copy of this order by the person furnishing him/her confidential material, and shall agree on the record or in writing that he/she has read the protective order and understands its provisions. Such person must also agree in writing to be subject to the jurisdiction of the District Court for the Central District of California, with respect to any proceedings relating to enforcement of this order, including without limitation, any proceedings for contempt. Unless made on the record in this litigation, counsel making the disclosure to any person described above shall retain the original executed copy of said agreement until final termination of this litigation. (See Appendix "A").

   9. Designation in conformity with this Protective Order requires: For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), COLA shall affix the legend "CONFIDENTIAL" at the bottom of each page that contains protected material.

   10. Confidential material must be stored and maintained by counsel for plaintiffs at a location and in a secure manner that ensures that access is limited to the persons authorized under this Protective Order. Confidential material shall be clearly marked by counsel for plaintiffs and maintained by counsel for plaintiffs

-4-

with the following or similar legend recorded upon it in a way that brings its attention to a reasonable examiner:

    CONFIDENTIAL: THESE DOCUMENTS ARE SUBJECT TO THE TERMS AND CONDITIONS OF A PROTECTIVE ORDER, CASE NUMBER CV11-04771 JHN (PJWx).

11. Each person to whom disclosure is made shall not duplicate any confidential information except for working copies and for filing with the Court.

12. Testimony taken at a deposition may be designated as confidential by making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter transcribing the deposition to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

13. Any party intending to submit to the court any documents covered by this Protective Order shall file a motion under Local Rule 79-5 requesting permission to file them under seal.

14. In the event that any confidential material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such material shall take all reasonable steps to maintain its confidentiality during such use.

15. At the conclusion of the trial and of any appeal or upon termination of this litigation, all confidential material received under the provisions of this order shall be destroyed or, if appropriate, returned to COLA, and counsel for plaintiff shall confirm such actions in writing to COLA.

16. If plaintiffs are served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "confidential," plaintiffs must so notify COLA, in writing (by fax, if possible) immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or

court order.

17. If plaintiffs learn that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this Protective Order, plaintiffs must immediately (a) notify COLA of the unauthorized disclosures in writing, (b) use its best efforts to retrieve all copies of the confidential material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Confidentiality Agreement ("Appendix "A").

18. Nothing in this Protective Order shall be construed in any way to control the use, dissemination, publication or disposition by COLA of the confidential information. Nothing in this Protective Order shall be construed as a waiver of any privilege (including work product) that may be applicable to any document or information. Further, by stipulating to the entry of this Protective Order, COLA and/or DEPUTIES CONLEY and PEDERSON do(es) not waive any right they otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, COLA and/or DEPUTIES CONLEY and PEDERSON do(es) not waive any right to object on any ground for use as evidence of any of the material covered by this Protective Order.

19. Further, this Protective Order is entered solely for the purpose of facilitating the exchange of documents, material, and information between the parties to this action without involving the Court unnecessarily in the process. Neither this Protective Order, nor the production of any document, material, or information, shall be deemed to have the effect of an admission or waiver by either party, or of altering the confidentiality or non-confidentiality of any such document, material, or information, or altering any existing obligation of any party or the absence thereof.

20. The Court shall have jurisdiction over the parties, their counsel and all

1  persons to whom confidential information has been disclosed for the purpose of
2  enforcing terms of this Protective Order, redressing any violation thereof, and
3  amending or modifying the terms as the Court may deem appropriate.
4      21.    The foregoing is without prejudice to the right of any party:
5          (a)    To apply to the Court for a further protective order relating to
6  confidential material or relating to discovery in this litigation;
7          (b)    To apply to the Court for an order removing the confidential
8  material designation from any documents; and
9          (c)    To apply to the Court for an order compelling production of
10 documents or modification of this order or for any order permitting disclosure of
11 confidential material beyond the terms of this order.
12     22.    Nothing in this Protective Order abridges the right of any person to
13 seek its modification by the Court in the future.
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1  ///

2  23. This Protective Order may be executed in counterparts.

3

4  **IT IS SO STIPULATED AND AGREED.**

5

6  DATED: April 19, 2012            HURRELL CANTRALL LLP

7

8

9                                   By: /S/ Brittany L. Vannoy
10                                       THOMAS C. HURRELL
                                         ERICA BIANCO
11                                       BRITTANY L. VANNOY
                                         Attorneys for Defendants COUNTY OF
12                                       LOS ANGELES, DEPUTY JENNIFER
                                         PEDERSEN, and DEPUTY
13                                       CHRISTOPHER CONLEY

14  DATED: April 19, 2012            LAW OFFICES OF DAVID DREXLER
15

16

17                                   By: /S/ David Drexler
18                                       DAVID DREXLER
                                         JONATHAN A. DREXLER
19                                       MICHAEL H. LEFF
20                                       Attorneys for Plaintiffs ANGEL
                                         MENDEZ and JENNIFER LYNN
21                                       GARCIA

22  IT IS SO ORDERED:
23

24  DATED: 4/23, 2012              /s/ Patrick J. Walsh
25                                   HON. JUDGE PATRICK J. WALSH
                                     United States Magistrate Judge
26

27

28

-8-

# APPENDIX "A"

# ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I have read and understand the Stipulation for Protective Order and Protective Order of the United States District Court, Central District of California, entered on the ____ day of _____, 2012, in the case of Mendez, et al. v. County of Los Angeles, et al., Case No. CV11-04771 JHN (PJWx). A copy of the Stipulation for Protective Order and Protective Order has been delivered to me with my copy of this Acknowledgement and Agreement to Be Bound (hereinafter "Confidentiality Agreement"). I agree to be bound by all the terms of this Confidentiality Agreement.

I further agree to be bound by all the terms of the Stipulation for Protective Order and Protective Order and hereby agree not to use or disclose the confidential information or material (as defined by that Order) disclosed to me, except for purposes of this litigation as required by the Stipulation for Protective Order and Protective Order. I further agree and attest to my understanding that a breach of this Confidentiality Agreement may be directly actionable, at law and equity, and may constitute a violation of the Stipulation for Protective Order and Protective Order, and I further agree that in the event I fail to abide by the terms of the Stipulation for Protective Order and Protective Order, or if I disclose or make use of any confidential information acquired during this litigation, I may be subject to civil sanctions, including sanctions by way of contempt of court, imposed by the Court for such failure. I further agree to submit to the jurisdiction of the United States District Court, Central District of California for the purpose of enforcing the terms

///
///
///
///

1  of this Confidentiality Agreement and Protective Order, even if such enforcement
2  proceedings occur after termination of this action.
3
4  Dated:

_____
Signature

_____
Name (Printed)

_____
Street Address

_____
City                State            Zip

_____
Occupation or Business